DANIEL M. STOLZ, ESQ.
DONALD W. CLARKE, ESQ.
WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Tel:   (973) 467-2700
Fax:   (973) 467-8126
Email: dstolz@wjslaw.com
       dclarke@wjslaw.com

Attorneys for OceanConnect Marine, Inc.;
Glencore; McAllister Towing & Transportation,
Inc.; and Moran Towing Corporation

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | APPLICATION FOR EMERGENCY RELIEF |
| Hanjin Shipping Co., Ltd. | |
| Debtor. | District Court Case 16-cv-05641-KM |

## EX-PARTE APPLICATION FOR EMERGENCY RELIEF TO STAY

This Court now should grant as set out below and in the accompanying draft Order, an emergency stay on the operation of the United States Bankruptcy Court's September 9th and 15th Orders.

The Orders on appeal forbid Apellants/Maritime Lien Creditors OceanConnect Marine, Inc., Glencore (and its affiliate Chemoil) , McAllister Towing & Transportion, Inc., and Moran Towing Corporation (herein the "Maritime Lien Creditors") from arresting (or intervening in the arrests of) certain Hanjin-chartered vessels ("Vessels") now in, or imminently to arrive in, the United States.

The attached table details the Maritime Lien Creditors' respective maritime liens against each of the Vessels:

HANJIN BOSTON    - - Now discharging at Long Beach, to depart the U.S. imminently

HANJIN BREMERHAVEN  - - to arrive Long Beach in the next several days, to discharge and depart

HANJIN CROATIA  - - to berth Long Beach, imminently and begin discharge and depart

HANJIN MIAMI  - -  to berth New York, imminently and begin discharge

HANJIN MONTEVIDEO - arrested, Long Beach, however, McAllister must intervene to assert its claim; the Bankruptcy Court's Orders on appeal, forbid intervention;

SEASPAN EFFICIENCY - - in the Atlantic, arriving Savannah or Wilmington, N.C. imminently and begin discharge; arrest proceedings begun and orders issued, by the U.S. Distric tCourt, Southern District of Georgia, Savannah ( but arrest forbidden by the Orders on appeal)

HANJIN SCARLET - - arrested, British Columbia; to arrive Long Beach when released.

If this Court now not stay the Bankruptcy Court's Orders, as more set out below, these Appellants otherwise fully secured by maritime liens in rem against the Vessels, will lose their maritime liens, or at least the value of them, and security.

Hanjin is bankrupt (the Court's Orders arise in connection with a Chapter 15 bankrutpcy proceeding assisting Hanjin's Korea bankrutpcy) and unable to pay its in personam obligations.

The Vessels involved, however, are owned by apparently solvent owners, and have joint and several obligations in rem to pay the Maritime Lien Creditors.

If the maritime liens *in rem* are not executed upon in the United States, the Vessels will depart and likely be arrested where the Maritime Lien Creditors have no in rem, priority rights as they do in the U.S.

They will as set out herein, be irreparably harmed, and the further basis for any appeal of the Bankruptcy Court's Orders on appeal here, may be mooted.

What this Court should do, with the stay, is what the Bankrutpcy Court did with its first hearing in this matter, requiring these Hanjin-Chartered vessels on U.S. arrival to remain in the

U.S. pending the Court's further orders, and permitting the Maritime Lien Creditors to execute on their maritime liens in rem by arrest of the Vessels or intervention in the present HANJIN MONTEVIDEO arrest, by appellant McAllister).

Bankruptcy Rule of Procedure 8005 states in pertinent part:

Rule 8005 Stay Pending Appeal

A motion for a stay . . . of the order . . . of a bankruptcy judge . . . for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. . . .

Appellants Maritime Lien Creditors made the stay motion to the Bankruptcy Court and the Court denied the motion, on the Court's original denial of the motion. Request of the Bankrutpcy Court to stay after its further denial of reconsideration, obviously was futile.

Under Rule 8005:

> To obtain a stay, the movant must establish the four elements: (1) a strong likelihood of success on the merits; (2) the movant will suffer substantial irreparable injury if the stay is denied; (3) substantial harm will not be suffered by the other parties if the stay is granted; and (4) issuance of the stay would [**3] not harm the public interest. In re Scarborough 389 Fed. Appx. 184 (3d Cir. 2010); *In re Bankruptcy Appeal of Allegheny Health, Educ. and Research Foundation*, 252 B.R. 309, 321 (W.D. Pa. 1999); *see also In re Malat Irrevocable Trust*, 2009 U.S. Dist. LEXIS 118465, 2009 WL 5206185, *1 (D.N.J. Dec. 21, 2009).

*Ferrone v. Cardiello*, 516 B.R. 765, 766 (W.D. Pa. 2014)

(1) **The Maritime Lien Creditors have a strong likelihood of success on the merits**: It is not fairly disputed that the Maritime Lien Creditors each have, for tug services, and for marine fuel provided to the Vessels - good faith claims for maritime liens in rem against the Vessels.

It also is not fairly disputed that the Vessels are unlikely to return to the United States for

3

arrest, and instead are likely to proceed to another world jurisdiction not recognizing the Maritime Lien Creditors' liens.

11 U.S.C. § 1522 ("Protection of creditors and other interested persons" states in pertinent part as follows:

> (a)   The court may grant relief under section 1519 or 1521, or may modify or terminate relief under subsection (c), **only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected**.
>
> (b)   The court may subject relief granted under section 1519 or 1521, or the operation of the debtor's business under section 1520(a)(3), to conditions it considers appropriate, **including the giving of security or the filing of a bond**.

The Bankruptcy Court has failed to "sufficiently protect[ ]" the Maritime Lien Creditors. Instead it has said that they must file any claims ( in personam) in Korea, where they would rank as unsecured creditors.

They presently are **secured** creditors under United States law, against the Vessels.

The Bankrutpcy Court simply does not meet the 11 U.S.C. § 1522 requirements, for issuing the orders on appeal here, which do not sufficiently protect the Maritime Lien Creditors and their perfected security interests ( maritime liens *in rem*) in the Vessels.

**(2)**   **The Movants Will Suffer Substantial Injury if the Stay is Denied**:   Maritime Lien Creditors will lose their security and certainly be substantially and irreparably injured if this Court denies the stay.  They will receive nothing, becoming unsecured creditors in a Korean bankruptcy proceeding which will pay them nothing ( the Hanjin Korea proceeding by all reports, will be a liquidation with substantial, prior secured bank debt).

**(3)**   **Substantial Harm Will Not Be Suffered By the Other Parties if the Stay is Granted**:   Hanjin owns none of the Vessels involved.  It apparently does, though, have each under charter, which includes the right to direct the Vessels to port.  The Bankruptcy Court's

4

main concern was that the Vessels be able to unload cargo, and that they certainly can do subject to the Maritime Lien Creditors' liens.  The one Vessel under arrest (the HANJIN MONTEVIDEO) at the Port of Long Beach, presently has an order (issued by the United States District Court, Central District of California) permitting unloading, which is standard in vessel arrests (including before this Court).

Arrest of vessels, when charterers (like Hanjin) become insolvent, is common, and owners typically provide security.  The Vessels are jointly and severally, *in rem*, liable for the debt to the Maritime Lien Creditors, and have benefitted from the maritime necessaries that the Maritime Lien Creditors have provided.

**(4)** **Issuance of the Stay Would Not Harm the Public Interest**: The Vessels can arrive and discharge.  Charter arrears on the Vessels each is significant, and none will have outbound loads.  Most likely is that the Vessels will be off charter after discharge.

There consequently is no public interest harm of the stay.  Again Hanjin may order the Vessels in for discharge.  Instead, the public interest is significant for the Court to enter the stay:

> *Tramp Oil & Marine, Ltd. v. M/V "Mermaid I"*, 805 F.2d 42, 46 (1st Cir. 1986) ("The primary concern of the Federal Maritime Lien Act is the protection of American suppliers of goods and services.")
>
> *Gulf Trading & Transp. Co. v. The Vessel Hoegh Shield*, 658 F.2d 363, 367 (5th Cir. 1981), *cert. denied*, 457 U.S. 1119 (1982) ("The congressional intent is that an American supplier of goods, services or necessaries to a foreign vessel obtains [28]  a maritime lien in the vessel when the goods or services are supplied or performed in the United States.").

**Request for Emergency Relief**

This Court now therefore should enter a stay of the Bankruptcy Court's Orders, as follows:

Ordernig that each of the Vessels remain in the United States, upon the Vessel's arrival

here, pending this Court's further orders (and that Hanjin so hold each of the Vessels); and that

The Maritime Lien Creditors be permitted to proceed with their arrests executing on their maritime liens *in rem* against the Vessels.

The Appellants/Maritime Lien Creditors herewith submit a draft Order for Stay and respectfully request this Court to grant their motion.

Dated: September 16, 2016.

*/s/ Daniel M. Stolz*

DANIEL M. STOLZ, ESQ.
DONALD W. CLARKE, ESQ.
WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Tel:     (973) 467-2700
Fax:    (973) 467-8126
Email: dstolz@wjslaw.com
           dclarke@wjslaw.com


J. Stephen Simms (*pro hac vice* pending)
Marios J. Monopolis (*pro hac vice* pending)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Telephone     410-783-5795
Facsimile       410-510-1789
mjmonopolis@simmsshowers.com

Attorneys for OceanConnect Marine, Inc.; Glencore; McAllister Towing & Transportation, Inc.; and Moran Towing Corporation