UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re HANJING SHIPPING CO., LTD<br>Debtor<br><br>OCEANCONNECT MARINE, INC.<br>Appellant<br>v.<br>GLENCORE, MCALLISTER TOWING & TRANSPORTATION, INC.,<br>Appellee. | Civ. No. 16-5641 (KM)<br>(Bankr. Case no. 16-27041)<br><br>MEMORANDUM and ORDER |

This matter has come before the Court on the emergent *ex parte* application, filed approximately one hour ago on Friday, September 16, 2016, for an emergency stay on appeal from certain orders of the bankruptcy court, dated September 9 and September 15, 2016. The applicants are OceanConnect Marine, inc., Gelncore (and its affiliate Chemoil), McAllister Towing & Transportation, Inc., and Moran Towing Corporation (designated the "Maritime Lien Creditors"). The September 9, 2016, order of the Bankruptcy Court (ECF no. 1-2), as to which the Maritime Lien Creditors filed a notice of appeal today, forbids them from arresting certain vessels chartered by the debtor, Hanjin, that are now in port in the United States, or are expected to be so shortly. The September 15, 2016 order is an oral denial of reconsideration. (ECF no. 4)

The underlying proceeding is a Chapter 15 bankruptcy proceeding in aid of Hanjin's bankruptcy proceeding in South Korea. The Maritime Lien Creditors seek a stay of the Bankruptcy Court's orders pursuant to Bankruptcy Rule of Procedure 8005. This *ex parte* procedure is

essentially equivalent to a request for a temporary restraining order. A stay under the bankruptcy rules requires weighing of the usual equitable factors for injunctive relief:

> In order to determine whether to grant a stay pending appeal, [the] court considers the following factors: (1) whether the appellant is likely to succeed on the merits of the appeal; (2) whether the appellant will suffer irreparable injury if the stay is not granted; (3) whether a stay would substantially harm other parties in the litigation; [and] (4) whether a stay is in the public interest.

*In re G-I Holdings Inc.*, 420 B.R. 216, 283 (D.N.J. 2009). All four factors are important, but the first two are critical. An injunction ordinarily will not issue unless they are shown. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

Ordinarily a stay application must be presented first to the bankruptcy judge. The Maritime Lien Creditors urge that, in light of the bankruptcy court's oral denial of their motion for reconsideration on September 15, 2016, such an application would be futile. The application is not accompanied by affidavits, but does include copies of the transcripts of the hearings before the Bankruptcy Court. (ECF nos. 4, 5, 6, mislabeled as "Statements of Material Fact").

As to likelihood of success, I note that the Bankruptcy Court's decision of September 9 (ECF no. 1-2) is a reasoned and well-considered one, entered after a hearing. The bankruptcy judge concluded that a U.S. Court was bound to defer to the South Korean proceeding, and not to circumvent the orderly disposition of claims there by permitting an individual creditor to seize assets here. Indeed, the Bankruptcy court was satisfied that permitting such interference would cause irreparable harm to the debtor. Thus it extended relief under 11 U.S.C. § 1519(a)(1), coextensive with the automatic stay under § 362. The Maritime Lien Creditors contend, in essence, that they bankruptcy judge abused his discretion because they could be secured creditors here, whereas they

will go to the end of the line in the Korean proceeding. They do not, however, point to an error of law so clear as to require emergent relief.

As to irreparable injury, the relief here, in essence, is the mirror image of that ordered by the bankruptcy court. The applicants essentially wish this court, on an ex parte, emergent basis, to find that the Bankruptcy Court not only got it wrong, but 100% wrong. They wish me to find that they, not Hanjin, are entitled to injunctive relief; that they are likely to prevail; that they, not Hanjin, are the ones suffering irreparable harm. I cannot so find. The granting of relief to a debtor, essentially equivalent to the automatic stay in bankruptcy, always prevents creditors from levying on assets. It does not inflict irreparable harm, but orders relief provided for by statute. It consigns the creditor to the orderly distribution of assets in connection with a bankruptcy proceeding—in South Korea, as it happens, but nevertheless. As the Bankruptcy Judge pointed out, these applicants must obtain Korean counsel and assert their rights there. *See* Reconsideration motion transcript, ECF no. 4, at 23 *et seq*.

The contention that other parties will not suffer harm as a result of the arrest of their vessels, or that the public interest will not be harmed, are of secondary importance. In any event, the Maritime Lien Holders' arguments largely ignore the existence of the Korean bankruptcy proceeding, and speak as if this were a simple matter of their rights as lienors. It is not.

Finally, I consider certain unique equities. The applicants state that the situation is emergent and dire, in that the vessels are in port and will leave. One of the reasons the vessels are in port is that the Bankruptcy Judge ruled that the Korean stay would be honored, and the operators of those ships "relied on [his] order." (ECF no. 4 at 10) As he pointed out on reconsideration, it would be inequitable to now declare that their presence in port gives rise to an "emergency" and seize them.

For the reasons expressed in the preceding Memorandum Opinion, and good cause appearing therefor;

IT IS this 16th day of September, 2016 at 6:00 p.m.,

ORDERED that the motion (ECF no. 3) for an emergent stay on appeal is DENIED.

_____
**Kevin McNulty**
**United States District Judge**